UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED L. GODSEY,

              Plaintiff,                    Case No. 05-72771

vs.                                  HONORABLE NANCY G. EDMUNDS
                                  HONORABLE STEVEN D. PEPE

CRAIG HUTCHINSON AND
CORRECTIONAL MEDICAL SERVICES,

              Defendants.

_____/

REPORT AND RECOMMENDATION

Fred Godsey, Plaintiff, is a prisoner in the custody of the Michigan Department of Corrections (MDOC). Plaintiff filed a civil rights complaint against Craig Hutchinson and Correctional Medical Services pursuant to 42 U.S.C. §1983, alleging violations of his Eighth and Fourteenth Amendment rights and Michigan law. Defendants filed a Motion to Dismiss Pursuant to Rule 12(b)(1) and (6) (Dkt. #6) and Plaintiff filed a Motion For Leave To File An Amended Complaint (Dkt. #10). All pretrial proceedings were referred pursuant to 28 U.S.C. §§ 636(b)(1)(A),(B). For the following reasons, IT IS RECOMMENDED that Defendant's motion to dismiss be GRANTED, Plaintiff's motion to file an amended complaint be DENIED, and the complaint be DISMISSED against the Defendants WITHOUT PREJUDICE.

I.     BACKGROUND

On September 14, 2000, Plaintiff was sentenced to prison for twelve to twenty-five years as an accessory after the fact to a felony. On October 3, 2002, Plaintiff alleges he was given the drug PEGIntron/Rebetol for treatment of Hepatitis C. No follow-up blood work was done, and on

December 19 and December 23, 2002, Plaintiff was admitted to a hospital for complications he claims resulted from the drug therapy, including kidney failure, liver failure, bone marrow damage, rapid weight loss, anemia, and ongoing pain, suffering, and emotional distress. Plaintiff alleges that Defendants provided negligent medical care constituting of cruel and unusual treatment in violation of the Eighth Amendment to the U.S. Constitution and the laws of the State of Michigan, and a violation of Plaintiff's Right to Due Process and/or Equal Protection under the Fourteenth Amendment.

Plaintiff originally filed suit on December 15, 2004, Case No. 04-74888, against the Michigan Department of Corrections (MDOC), Duane Waters Hospital and several individual defendants. On August 3, 2005, Judge Nancy G. Edmunds adopted the Report and Recommendation of Magistrate Judge Steven Pepe and dismissed the action against MDOC pursuant to its Eleventh Amendment immunity and against the remaining defendants due to Plaintiff's failure to plead exhaustion of administrative remedies (Case No. 04-74888, Dkt. #10).

Plaintiff filed the present action on July 14, 2005, alleging virtually the same facts against Craig Hutchinson (who was named in the original suit) and Correctional Medical Services. On November 8, 2005, Defendants filed their motion to dismiss alleging that Plaintiff had failed to state a claim for medical malpractice and also had failed to plead exhaustion of administrative remedies (Dkt. #6). On November 14, 2005, the Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims and ordered the state law claims, including the medical malpractice claims against both Defendants, dismissed (Dkt. # 7).

## II. ANALYSIS

The Prison Litigation Reform Act of 1995 ("PLRA"), which applies to all claims filed after April

2

26, 1996, requires a prisoner to exhaust all administrative remedies before bringing a federal suit regarding prison conditions. 42 U.S.C. § 1997e(a). This requirement applies to all §1983 claims that fall under "the definition of a 'civil action with respect to prison conditions' as set forth in 18 U.S.C.A. § 3626(g)(2)." *Hartsfield v. Vidor*, 199 F.3d 305, 308 (6th Cir. 1999) (footnote omitted) (applying exhaustion requirement to prisoner's equal protection claim). That section provides:

> the term "civil action with respect to prison conditions" means any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison. . . .

18 U.S.C.A. § 3626(g)(2).

Pursuant to § 1997e(a), a prisoner may not bring a civil rights action regarding prison conditions unless administrative remedies have been exhausted. The PLRA provides in pertinent part, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The Supreme Court has held that the exhaustion requirement must be satisfied, so long as some responsive action is available, even if the relief sought is not available in that grievance process. *Booth v. Churner*, 532 U.S. 731, 736-40, 740 n.5 (2001). The Sixth Circuit has applied the requirements of the PLRA to hold that a prisoner who files a §1983 claim involving prison conditions must *allege* and *show* that he has exhausted all available state administrative remedies. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). That Court has treated "exhaustion" as a substantive element of a prisoner's § 1983 claim and has interpreted §1997(3)(a) as creating a heightened pleading requirement so that when filing a civil complaint regarding prisoner conditions, "a prisoner must plead his claims with specificity and show that they have been exhausted by

3

*attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and outcome*." *Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000)(emphasis supplied).

Failure to demonstrate exhaustion *with the complaint* will result in dismissal for failure to state a claim. *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002). The District Court may dismiss the complaint on its own initiative for failing to conform with 42 U.S.C. § 1997e(a); *see Baxter* at 489. Grievances filed in an attempt to exhaust administrative remedies must name the individual subjects of the grievances so prison officials can address the claims before a suit is brought in federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001).

Prisoners are not only required to demonstrate exhaustion of any claims with the complaint, *Baxter*, 305 F.3d at 489, they must name all of the individual defendants in a Step I grievance and then proceed through the remaining grievance appeals in order to completely exhaust their administrative remedies. *Burton v. Jones*, 321 F3d. 569, 575 (2003) ("Thus, for a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct *on the part of the defendant at Step I of the grievance process*.") (emphasis added); *Curry*, 249 F.3d at 505.

In *Jones-Bey v. Johnson,* 407 F.3d at 805 (6th Cir. 2005) the Sixth Circuit adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C. §1997e. Under this rule, a complaint which contains both exhausted and unexhausted claims must be dismissed in its entirety without prejudice for failure to exhaust administrative remedies. District courts no longer have the option of dismissing the unexhausted claims and proceeding with the claims that have been submitted through the grievance process. A prisoner whose complaint

4

containing both exhausted and unexhausted claims has been dismissed may bring forth each exhausted claim one at a time, at potentially greater expense to himself, or wait until all claims are exhausted and then bring them together in one action. *Id.* at 808.

Prisoners within the Michigan Department of Corrections must go through a three-step grievance process. MDOC Policy Directive 03.02.130. In the present case, Plaintiff, once again, failed to attach any evidence of administrative exhaustion to his complaint. This is sufficient grounds for dismissal of Plaintiff's claims. *See Baxter*, 305 F.3d at 489. Plaintiff has filed a motion to amend his complaint to "cure any defects" (Dkt. #11). Yet, *Baxter* prohibits prisoners from amending their complaint to cure a defect such as a failure to plead exhaustion and requires *sua sponte* dismissal for such a failure. *Id.* at 488-489.

## III.   RECOMMENDATION

For the reasons stated above, IT IS RECOMMENDED that Defendant's Motion to Dismiss (Dkt. #6) be GRANTED, Plaintiff's motion to file an amended complaint (Dkt. # 11) be DENIED, and the complaint be DISMISSED against the Defendants WITHOUT PREJUDICE for failure to exhaust administrative remedies under 42 U.S.C. §1997e.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and

Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local*, 231, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: April 20, 2006                          s/Steven D. Pepe
Ann Arbor, Michigan                      United States Magistrate Judge

Certificate of Service

I hereby certify that a copy of this Report and Recommendation was served upon the attorneys of record by electronic means or U. S. Mail on April 20, 2006.

s/William J. Barkholz
Courtroom Deputy Clerk